FILED

9/3/2025

Clerk, U.S. District Court
District of Montana
Billings Division

**Nathan G. Wagner**
SIEFERT & WAGNER, PLLC
1135 Strand Avenue, Ste. A
Missoula, Montana 59801
Telephone: 406-226-2552
Facsimile: 406-226-2553
E-Mail: nate@swl.legal; mail@swl.legal

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| JASON DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>STILLWATER COUNTY; TOBY REISSIG; and DOES 1-10,<br><br>Defendants. | Cause No. CV-25-108-BLG-TJC<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Jason Duncan ("Duncan"), for his complaint against Stillwater County, Toby Reissig, and Does 1-10, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil rights action arising from Defendants' wrongful assault, battery, use of excessive force, violation of policies and procedures, negligence, and failure to aid and assist, resulting in significant injuries to Duncan. This action is brought pursuant to 42 USC §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, Mont. Code Ann. § 27-1-701, and Montana common

law.

2. Jurisdiction and venue are proper in this Court because the acts and omissions alleged herein occurred in Reed Point, Stillwater County, Montana, which is part of the Billings Division of the District of Montana.

## PARTIES

3. Duncan is an individual residing in Montana who brings this action against Defendants for the harm alleged herein, including injuries arising from his wrongful assault and battery, lost wages, and extreme emotional distress.

4. Stillwater County is a political subdivision of the state of Montana, and at all times relevant to this action, was responsible for the actions of the Stillwater County Sheriff's Office ("SCSO") and its officers including, but not necessarily limited to, Officer Reissig.

5. Toby Reissig ("Reissig") was at all times relevant a deputy employed with the Stillwater County Sheriff's Office who was at all times acting within the course and scope of his employment by Stillwater County.

6. The John Doe Defendants are people or entities who are liable for some of the acts, omissions, and other conduct alleged herein.

7. One or more of the John Doe Defendants were responsible for the screening, hiring, training, supervision and discipline of Reissig.

8. Each of the Defendants were at all times relevant to this action acting as the

agent, employee, co-conspirator or other representative of each other and of Stillwater County, and each Defendant ratified, consented to or authorized the acts or omissions of each other Defendant, and as a result, each Defendant is jointly and severally liable for the damages caused by each other Defendant.

9. Defendant Stillwater County is responsible under the law of agency, vicarious liability and *respondeat superior* for all wrongful, negligent or other improper conduct of the Stillwater County Sheriff's Office and its officers, agents, and employees.

**ALLEGATIONS COMMON TO ALL COUNTS**

10. Plaintiff alleges the preceding and following paragraphs.

11. On September 3, 2023, Duncan attended the Sheep Drive in Reed Point Montana with his dog. Duncan drove his side-by-side to the event.

12. Duncan was socializing with various individuals throughout the day, and the event was crowded.

13. At one point, another attendee, Michael Halvorson ("Halvorson") became confrontational with Duncan because Duncan was conversing with a woman Halvorson was pursuing romantically.

14. Duncan indicated to Halvorson that he was not looking for trouble and was just there to have a good time. Duncan left the interaction and went to converse with other people at the event.

15. A while later, Halvorson confronted Duncan again regarding the woman.

16. Duncan attempted to diffuse the situation but was unsuccessful and Halvorson ultimately swung at Duncan. Duncan was able to duck out of the way before Halvorson made contact with Duncan's face. Duncan never swung at Halvorson or fought back.

17. Immediately, a group of bystanders promptly stepped in to de-escalate the situation, and calm Halvorson down. Several bystanders were yelling at Halvorson, telling him he was out of line and needed to stop picking a fight.

18. Duncan left the altercation and walked to his side-by-side which was parked a few feet away.

19. After the altercation between Duncan and Halvorson was over, Reissig aggressively approached the group and began screaming over the bystanders, who were yelling at Halvorson.

20. Rather than attempt to de-escalate the situation, Reissig screamed frantically over the men to get out their IDs.

21. When Duncan began to respond to Reissig that he didn't have his ID on him because it was located in his side-by-side, Reissig aggressively grabbed Duncan's hands, cuffed him, and then shoved Duncan to the ground face first, causing Duncan's head to bounce off the ground.

22. Reissig then shoved his knee into Duncan's back and put his hand on the back

of Duncan's head. Reissig then repeatedly ground Duncan's face into the dirt and gravel.

23. Duncan briefly lost consciousness after his head impacted the ground.

24. Duncan was not resisting the handcuffs, nor was he being combative with the officer.

25. When a bystander asked Reissig what was going to happen with Duncan's dog if Duncan was arrested, Reissig tased that bystander repeatedly. A projectile from the taser hit a second bystander.

26. While this was occurring, Duncan was left lying face down on the gravel.

27. When a third bystander attempted to explain the situation to Reissig and help Reissig understand he had misread the situation because Duncan was not the aggressor, Reissig told the man to "shut the hell up." Reissig later cited the man with disorderly conduct.

28. Duncan was bloody and bruised following the incident. Duncan suffered a number of injuries, including but not limited to a concussion, injury to his thumb and rotator cuff on his left shoulder, multiple abrasions, pain and soreness in his shoulders, and severe emotional distress.

29. Reissig's use of force against Duncan was excessive.

30. Because of Reissig's excessive force, Duncan can no longer perform manual labor as a pipefitter.

## COUNT I: 42 USC § 1983

31. Plaintiff alleges the preceding and following paragraphs.

32. The Defendants' conduct described above is a violation of Duncan's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable seizure, and free from excessive and unreasonable force.

33. Defendants' acts or omissions were done maliciously or with conscious and reckless disregard for Duncan's constitutional rights.

34. As a direct and proximate result of the Defendants' acts and omissions described above, Duncan sustained injuries and damages in an amount to be determined at trial.

35. Duncan is entitled to recovery of an award of punitive damages allowable under 42 USC § 1983 and Mont. Code Ann § 27-1-221.

36. Duncan is entitled to an award of attorney's fees and costs under 42 USC § 1988 and Montana law.

## COUNT II: *MONELL* CLAIM

37. Plaintiff alleges the preceding and following paragraphs.

38. The acts and omissions described above were done pursuant to customs, policies, practices, or procedures of FCSO which were directed, encouraged, allowed or ratified by FCSO including but not limited to: the use of excessive force;

the tolerance of the use of excessive force; failure to call for backup; escalating situations that did not warrant escalation; failure to use appropriate and generally accepted procedures for apprehending suspects; failing to investigate or evaluate prior complaints or incidents involving excessive force; failing to investigate and discipline violations of constitutional rights; encouraging or tolerating a "code of silence," among law enforcement officers whereby officers refuse to provide adverse information against one another; tolerating or promoting inadequate, deficient and improper procedures for handling, investigating and reviewing complaints of officer misconduct; failing to discipline officers who use excessive force or commit other civil rights violations; tolerating recurring instances of violent and fatal interactions with the public; failing to maintain a process for identifying and deterring excessive use of force or other civil rights violations; failing to adopt adequate policies to effectively prevent the unnecessary use of excessive force, and failing to adopt adequate policies to effectively prevent unnecessary escalation of incidents.

39. Defendant Stillwater County, through the SCSO, failed to properly screen, retain, review, train, instruct, monitor, supervise, evaluate, investigate, and discipline its officers, including but not limited to Reissig, and in so failing, acted with indifference to Duncan's constitutional rights.

40. Defendant Stillwater County, through the SCSO, has approved, tolerated and ratified the unconstitutional conduct of its officers, including but not limited to

Reissig, by finding his actions in using force against Duncan were justified and by failing to sanction or discipline Reissig and others for their misconduct in this matter, prior matters, and subsequent matters.

41. The conduct described herein was the proximate cause of the deprivation of Duncan's constitutional rights in accordance with the *Monell* doctrine.

42. The allegations set forth herein were done maliciously and with conscious disregard for the safety and rights of Duncan.

43. Duncan is entitled to compensatory and punitive damages in an amount to be proven at trial.

## COUNT III: NEGLIGENCE

44. Plaintiff alleges the preceding and following paragraphs.

45. Each of the Defendants owed Duncan a duty to act with reasonable care under the circumstances presented in this matter.

46. The duties owed by the Defendants include the duty to: refrain from unnecessarily using excessive force; refrain from unnecessarily creating or escalating a situation where the use of excessive force might become necessary; refrain from abusing their authority; and to refrain from violating Duncan's constitutional rights.

47. In addition, the County, through the SCSO, owed a duty to use reasonable care to properly screen, investigate the background of, hire, train, supervise, monitor,

evaluate, "de-program," and discipline its employees, agents, and law enforcement officers, including but not limited to Defendant Reissig.

48. The County, through the SCSO, had a duty to make, adopt, enforce and act in conformance with policies, customs, and procedures that are lawful and protective of citizens' constitutional rights.

49. The Defendants breached the duties set forth above.

50. The Defendants' breach of these duties caused injuries and damages to Duncan in an amount to be proven at trial.

51. The Defendants' conduct was done maliciously or with reckless disregard for Duncan's safety so as to subject the Defendants to an award of punitive damages.

## COUNT IV: ASSAULT AND BATTERY

52. Plaintiff alleges the preceding and following paragraphs.

53. Defendant Reissig assaulted Duncan by intentionally threatening harmful or offensive contact against him under circumstances which created a well-founded belief on the part of Duncan that Reissig intended to cause him death or serious bodily injury, and that he had the ability to carry out his threat.

54. Defendant Reissig battered Duncan by grabbing him, throwing him on the ground head first, and grinding his face into the dirt and gravel, all of which constitute an unwanted touching of his person.

55. Duncan suffered injuries resulting from the assault and battery inflicted upon

him by Defendant Reissig.

56. Defendants, including but not limited to Reissig, acted maliciously, or with reckless indifference toward Duncan's safety, when he threw him on the ground headfirst causing a concussion, and ground his face into the dirt and gravel.

57. Duncan is entitled to an award of compensatory and punitive damages arising from his assault and battery.

WHEREFORE, Plaintiff requests the following relief against each and every Defendant, jointly and severally:

A. Compensatory damages for Duncan in an amount to be proven at trial;

B. Punitive damages under 42 USC § 1983 and Mont. Code Ann. § 27-1-221 in an amount to be proven at trial;

C. Past and future medical expenses, lost wages, and other damages;

D. Reasonable attorney's fees and costs as allowed under state or federal law; and

E. Such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues appropriate for jury trial.

//

//

//

DATED this 3rd day of September 2025.

SIEFERT & WAGNER, PLLC

By: /s/ Nathan G. Wagner
Nathan G. Wagner
*Attorneys for Plaintiff*